IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA DIXON, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-325-L |
| § | |
| TRANSPORT AMERICA and § | |
| HIRERIGHT, LLC, § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant HireRight, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint* and *Defendant Transport America's Rule12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint*, filed March 30, 2023 (docs. 49, 50), should be **GRANTED**. The plaintiff's response to the motions is liberally construed as a motion for leave to amend her complaint and is **GRANTED**.

## I. BACKGROUND

On November 2, 2021, Barbara Dixon (Plaintiff) filed this *pro se* action in state court against her former employer, Transport America (Employer), and HireRight, LLC, a consumer reporting agency (Agency), asserting "Defamation Character Bais [sic] Racism Systemic Racism." (doc. 1-3 at 1.)[1] Liberally construed, her original petition alleged claims against Employer for defamation and race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), Chapter 21 of the Texas Labor Code (Chapter 21), and 42 U.S.C. § 1981, and claims against Agency for defamation and violations of the Fair Credit Reporting Act of 1970 (FCRA), 15 U.S.C. § 1681 *et seq.* (*Id.*) Agency removed the case to federal court on February 9, 2022. (*See* docs. 1, 21.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On March 18, 2022, Agency moved to dismiss Plaintiff's claims against it for failure to state a claim, and alternatively, for a more definite statement, arguing that she had failed to sufficiently plead a claim for violations of the FCRA and that her defamation claim was preempted by the FCRA and time-barred. (doc. 12.) On February 17, 2023, it was recommended that Agency's motion to dismiss and alternative motion for a more definite statement be denied. (doc. 40.)

On July 12, 2022, Employer moved for judgment on the pleadings on Plaintiff's claims against it, and alternatively, for a more definite statement, arguing that her claims for race discrimination and defamation were time-barred and that her allegations fail to satisfy the federal pleading standard. (doc. 25.) It moved for summary judgment on October 13, 2022. (doc. 28.) On February 22, 2023, it was recommended that Employer's motion for judgment on the pleadings be granted because Plaintiff's original petition failed to allege sufficient facts of a race discrimination claim under Title VII, Chapter 21, or § 1981, and because the defamation claim against was time-barred. (doc. 42.)

By order dated March 7, 2023, the recommendation concerning the claims against Agency was accepted, and its motion to dismiss and alternative motion for a more definite statement were denied without prejudice. (doc. 46.) Because the order of reference regarding Employer's motions had been withdrawn the day before the recommendation concerning those motions was entered, the order rejected the recommendation as moot. (docs. 41, 46.) The order also gave Plaintiff an opportunity to amend her pleadings and claims as to both defendants, stating, in relevant part:

> By April 7, 2023, Plaintiff shall file an amended complaint that cures all the deficiencies identified by the magistrate judge regarding her current claims against Defendants. Failure to do so will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order. If Plaintiff wishes to assert any *new* claims not included in her prior pleadings, she must first: (1) confer with Defendants to determine whether

> they oppose; and (2) obtain Defendants' consent *or* seek and obtain the court's permission under Rule 15(a)(2). Failure to confer with Defendants or comply with Rule 15(a)(2) with respect to any new claims will result in the noncompliant filing or claim being *sua sponte* stricken without further notice.

(doc. 46 at 4 (emphasis original).)

On March 16, 2023, Plaintiff filed a two-page second amended complaint, which in its entirety states:

> Amended Complaint Allege: FCRA 15 USC 1681 Transport America and HireRight, LLC willfully and recklessly with malice damaged and ruined 16-year [sic] driving career for 3 years. I am seeking $250,000 monetary relief and punitive damages, pursuant to the TRCP Rule 169.
>
> Upon completing orientation, a young and [sic] lady and I arrived at the Dallas yard where Mark (Dallas yard manager), Ted (employee Truckdriver) and Josh (Safety) who we were advised to contact once we arrived at the Dallas yard from Orientation. When we arrived Mark, Ted and Josh sat at the table talking amongst each other, never acknowledging, or onboarding us. They made us feel incredibly uncomfortable, which is covert racism in disguised [sic].
>
> Transport America is liable for Ted instructing me to climb on industrial bleach containers, spilling unto my arm causing permanent scaring. I phone [sic] the main office and spoke with Chris (Manager at headquarter [sic]) and advised him I don't feel safe being asked to climb on hazardous liquids and was told Ted is correct. Ted then advised me in so many words if I don't do it, I would not have a job and that he never experienced getting bleach on his arm and downplayed my concern and the incident.
>
> I felt harassed by Josh who often called me in his office to tell me the computer said I should stop within 0.10 second [sic] so I asked when did I stop? Was I in danger of hitting something? He always said no, and I would respond with I am human so please do not compare me to the computer.
>
> Chris action subtle racism- unspoken. Not addressing Ted action Civil Right-42 US 1983. OSHA- when a company or employee willingly or unknowingly ignores potential and real safety hazards.
>
> Transport America cost me jobs with my now 18 year driving 70,000 a year.

3

(doc. 48.)[2]

On March 30, 2023, the defendants moved to dismiss Plaintiff's second amended complaint for failure to state a claim. (docs. 49, 50.)

## II. MOTION TO DISMISS

The defendants move to dismiss Plaintiff's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). (*See* docs. 49, 50.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the

---

[2]Plaintiff's second amended complaint appears to abandon the claim in her original petition for defamation.

4

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

A.      **FCRA**

The defendants contend that Plaintiff has failed to sufficiently plead a claim against them under the FCRA. (docs. 49 at 5; 51 at 3.)

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible uses of credit reports). Among other things, the FCRA "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b);

5

*see Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 465 (5th Cir. 2006). Although "the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations on 'furnishers of information' to provide accurate information to consumer credit reporting agencies." *Smith v. Nat'l City Mortgage*, No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) (citation omitted); 15 U.S.C. § 1681s–2. Generally, the FCRA provides a private right of action for willful or negligent noncompliance against consumer reporting agencies and furnishers of information. *See* 15 U.S.C. §§ 1681n, 1681o.

Here, Plaintiff's second amended complaint only cites § 1681 and alleges no factual support for an FCRA claim against either defendant. (doc. 48 at 1.) While her response to the motions alleges that the defendants violated § 1681 by intentionally ignoring her calls about her "issues" for three months (doc. 59 at 1)[3], she fails to allege which FCRA provision was supposedly violated by such conduct, or otherwise plead any elements of a violation of the FCRA. *See St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 885 (5th Cir. 1989) (noting that it is incumbent on plaintiff to allege which FCRA provisions were violated by defendant); *see, e.g., Hand v. Ocwen Loan Servicing, LLC*, No. SA-15-CA-805-OLG, 2015 WL 12516229, at *11 (W.D. Tex. Nov. 25, 2015), *adopted by* 2015 WL 12516635 (W.D. Tex. Dec. 16, 2015) ("The conclusory reference and allegations are not sufficient

---

[3]Because Plaintiff is proceeding *pro se*, her pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). Plaintiff's allegations in her response to the defendants' motions to dismiss are construed as a motion to amend, and it is granted.

to state a claim for relief under the FCRA."). Because Plaintiff has not adequately alleged a claim against Defendants for violations of the FCRA, it should be dismissed for failure to state a claim.

### B. Race Discrimination

Employer contends that Plaintiff fails to plead sufficient specific facts to support a reasonable inference that it discriminated against her on the basis of her race. (doc. 51 at 5.)

Title VII and Chapter 21 make it unlawful for employers to "discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a); *see also* Tex. Lab. Code § 21.051(1). Section 1981 similarly "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). The same substantive legal standards and evidentiary framework apply to race discrimination and harassment claims under Title VII, Chapter 21, and § 1981. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); *see also Williams v. Merck & Co.*, 381 F. App'x 438, 440-41 (5th Cir. 2010) (quoting *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) ("[T]he Texas Labor Code is 'intended to correlate state law with federal law in employment discrimination cases' and courts look to federal law to interpret the statute's provisions.").

Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *See, e.g., McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). A plaintiff must establish a prima facie case of harassment or hostile work environment by showing that (1) she is a member of a protected group, (2) she was subjected to unwelcome

7

harassment, (3) the harassment complained of was based on her protected classification, (4) the harassment complained of affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022) (citing *Woods v. Delta Beverage Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)). While a plaintiff need not plead a prima facie case of discrimination or harassment in the motion to dismiss context, the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *See Swierkiewicz*, 534 U.S. at 511.

For claims of race discrimination, the alleged facts must show a plausible basis to infer that the defendant is liable for discrimination based on the plaintiff's race. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). It is not sufficient to merely assert legal conclusions that the plaintiff was discriminated against because of a protected characteristic. *See id.* Alleged facts must also be sufficient to at least create an inference that the plaintiff was discriminated against because of a protected characteristic. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 330-31 (5th Cir. 2013); *Landavazo*, 301 F. App'x at 336 (noting that "[plaintiff's] statement that '[t]he real reasons [he] was discriminated. . .against in the terms, conditions and privileges of his employment [were] because of his race, color, national origin and or ethnicity . . .' is merely a legal conclusion."). When a plaintiff sets out facts that do "not seem to have anything to do with" discrimination based on a protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6). *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Raj*, 714 F.3d at 331.

To sufficiently plead a harassment claim, the allegedly harassing behavior must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "A plaintiff 'must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable.'" *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (quoting *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003)). In determining whether a workplace constitutes a hostile work environment, a court "examines the totality of circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (citation and quotations omitted); *see also Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325-26 (5th Cir. 2004) (recognizing that "no single factor is required"). "[A]llegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation." *Bye*, 49 F.4th at 923 (quoting *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019)). Although verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support a violation of Title VII, simple teasing, offhand comments, and isolated incidents, unless extremely serious, are not sufficient. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, Plaintiff's second amended complaint alleges in a conclusory manner that she felt "incredibly uncomfortable" when Mark, Ted, and Josh never acknowledged or onboarded her after orientation, which was "covert racism in disguised [sic]." (doc. 48 at 1.) She was allegedly harassed by Josh when he told her what "the computer" said about her stopping time because she is human and

9

should not be compared to a computer. (*Id.*) It was also "unspoken" "subtle racism" when Chris told her that Ted correctly instructed her to climb on the bleach containers. (*Id.* at 1-2.) Plaintiff does not set forth specific facts that would support the reasonable inference that any of the complained actions was based on her race, however. *See, e.g., Raj*, 714 F.3d at 331 (concluding that plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest [employer's] actions were based on [plaintiff's] race or national origin"); *Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 274133, at *4 (N.D. Tex. Jan. 20, 2017) (explaining that a claim for harassment under Title VII must allege facts that show a "connection between the allegedly harassing incidents and [plaintiff's] protected status"). Even if the alleged actions were connected to her race, they are not sufficient to create an inference that the harassment was sufficiently severe or pervasive to create a hostile work environment. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 595-96 (5th Cir. 1995) (noting that "mere utterance of an ... epithet which engenders offensive feelings in an employee" is not enough to constitute hostile environment harassment). Without sufficient factual allegations to support her claims, Plaintiff fails to state a claim of discrimination or harassment under Title VII, Chapter 21, or § 1981, and these claims against Employer should be dismissed with prejudice for failure to state a claim.

### III.  NEW CLAIMS

Plaintiff's second amended complaint also alleges a negligence claim and claims under 42 U.S.C. § 1983 and the Occupational Safety and Health Act (OSHA). (*See* doc. 48.) The March 7, 2023 order states:

> If Plaintiff wishes to assert any *new* claims not included in her prior pleadings, she must first: (1) confer with Defendants to determine whether they oppose; and (2) obtain Defendants'

10

consent *or* seek and obtain the court's permission under Rule 15(a)(2). Failure to confer with Defendants or comply with Rule 15(a)(2) with respect to any new claims will result in the noncompliant filing or claim being *sua sponte* stricken without further notice.

(*See* doc. 46 at 4 (emphasis original).) Plaintiff has not obtained court permission to assert new claims; nor has she shown that the defendants consented to the negligence, OSHA, and § 1983 claims in her second amended complaint. Accordingly, the negligence, OSHA, and § 1983 claims should be stricken based on the Court's order.[4]

### IV.  OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp.2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has twice amended her complaint in this matter, and her response to the motions to dismiss was construed as a motion to amend her complaint and granted. Despite multiple

---

[4]Because the negligence, OSHA, and § 1983 claims should be stricken, consideration of Employer's arguments for dismissal of these claims is unnecessary.

opportunities to amend and cure the deficiencies with her claims against the defendants, Plaintiff provides no additional facts beyond the conclusory and unsupported factual allegations from her original petition, and she still has failed to state a claim upon which relief can be granted. It therefore appears that she has alleged her best case, and no further opportunity to amend is warranted.

## V.  RECOMMENDATION

The defendants' motions to dismiss should be **GRANTED**, and all claims against them should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 15th day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE