IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA DIXON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-325-L** |
| | § | |
| **TRANSPORT AMERICA TRUCKING** | § | |
| **and HIRERIGHT, LLC,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court are Defendant HireRight, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint and Defendant Transport America's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (collectively, "Motions"), both filed March 30, 2023 (Docs. 49, 50). On September 15, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 62) was entered, recommending that the court grant Defendants' Motions and dismiss with prejudice Plaintiff's claims for race discrimination and alleged violations of the Fair Credit Reporting Act of 1970 ("FCRA"). Because leave was not sought to assert any new claims, the Report recommends that Plaintiff's new negligence claim and new claim for alleged violations of the Occupational Safety and Health Act ("OSHA"), brought pursuant to 42 U.S.C. § 1983, be stricken.

In addition, the Report notes that Plaintiff's response to the Motions was liberally construed by the magistrate judge as a motion for leave to amend her complaint and granted. The Report nevertheless recommends that the court not give Plaintiff a further opportunity to amend her pleadings because: (1) she has "twice amended her complaint in this matter, and her response to the motions to dismiss was construed as a motion to amend her complaint and granted"; and (2)

despite multiple chances to amend and cure the pleading deficiencies, she has not provided any additional factual allegations beyond conclusory, unsupported assertions that were included in her Original Petition, and she has again failed to state any valid claims upon which relief can be granted.  The Report, therefore, concludes that Plaintiff has stated her best case, and no further opportunity to amend is warranted.  No objections or response to the Report was filed by Plaintiff, and the deadline for doing so has expired.

Having considered Defendants' Motions, the Reports, the pleadings, the file, and the record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court, therefore, **grants** Defendants' Motions (Docs. 49, 50) and **dismisses with prejudice** Plaintiff's FCRA and race discrimination claims.  The court also **strikes** Plaintiff's new negligence and OSHA claims, as leave was not sought to assert any new claims in accordance with the undersigned's prior order.

Regarding leave to amend, the magistrate judge's granting Plaintiff leave to amend her pleadings and the recommendation to not allow Plaintiff to further amend her pleadings seem inconsistent because Plaintiff was not actually allowed to amend her pleadings again as a result of the magistrate judge construing her response to the Motions as a motion for leave to amend.  The court nevertheless agrees that Plaintiff has had ample opportunity to amend her pleadings in this case and giving her another opportunity to amend would be futile and unnecessarily delay the resolution of this litigation because she appears to have stated her "best case."  *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Although Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires," this provision is not without limitation.[*]

---

[*] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In

**It is so ordered** this 20th day of October, 2023.

Sam A. Lindsay
United States District Judge

---

determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Consideration of these factors weigh against allowing Plaintiff to further amend her pleadings. Moreover, Plaintiff did not respond to or file objections to the Report to contest the recommended disposition of her claims or the magistrate judge's recommendation to not allow her to further amend.

**Order – Page 3**